**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. MJM-22-340** |
| | * | |
| **DONTE WILLIAMS,** | * | |
| | * | |
| **Defendant.** | * | |
| | ****** | |

**GOVERNMENT'S MOTION IN LIMINE REGARDING**
**ADMISSION OF EVIDENCE UNDER FRE 404(B) AND 609**

The United States of America moves *in limine* to admit evidence during trial under Rule 401, 404(b), and 609 of the Federal Rules of Evidence.   Donte Williams ("Defendant") is currently charged with: (1) two counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); (2) unlawful possession of a machinegun, in violation of 18 U.S.C. § 922(o); (3) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF No. 26.

This is not the Defendant's first encounter with the criminal justice system. He has the following prior convictions: (1) a 2013 conviction for handgun on person (District Court for Baltimore City Case No. 1B02197588); (2) a 2014 conviction for handgun on person (Circuit Court for Baltimore City Case No. 114112017); (3) a 2017 conviction for possession with intent to distribute narcotics (Circuit Court for Baltimore City Case No. 118004018); and (4) a 2015 federal conviction for possession of a firearm by a prohibited person (JKB-15-0049).

Trial in this matter is scheduled to begin February 24, 2025. The Government now moves

1

*in limine* to permit the introduction of evidence of the above-referenced prior crimes. As detailed below, these prior crimes involved similar conduct and/or similar substances as the instant charged offenses, and therefore the prior crimes are highly relevant to the jury's consideration of the ultimate issues of fact. As such, the motion should be granted.

## I.    STATEMENT OF FACTS

The Defendant's charges stem from two incidents during the month of September 2022. On September 4, 2022, Baltimore City Police officers ("BPD") patrolling the 2700 block of Jefferson Street observed a vehicle missing a front tag and covered in illegal windshield tint. Officers stopped the vehicle and identified the driver and sole occupant as the Defendant.

An officer shone a flashlight into the backseat of the vehicle cabin and observed a Glock style magazine protruding out from underneath of the front passenger seat. The officer entered the vehicle and recovered a Glock 27 handgun with serial number BSS685. The firearm contained an extended magazine containing twenty live rounds of .40 caliber cartridges as well as a live round in the chamber.   The Glock had a "switch" attached to the gun converting the semi-automatic firearm into an automatic firearm, thus qualifying as a "machine gun" under U.S. Code.   Officers also recovered $4,710.00 from inside the vehicle.[1]

The Defendant was released on pre-trial conditions pending the state case.[2]   He immediately returned to a life of crime, paying no attention to his release conditions.   On September 28, 2022, BPD arrested the Defendant for possession of a firearm and possession with intent to distribute narcotics in the 1900 block of McHenry Street.   Officers saw the Defendant

---

[1]  Officers released the money to the Defendant's mother later that day.
[2]  District Court for Baltimore City Case No. 1B02461166.

and tried to engage him in a conversation.    The Defendant began to walk away when an officer noticed blue and white gel caps protruding from the Defendant's pocket.    They detained the Defendant and recovered a loaded Arcus 9mm pistol loaded with 12 rounds of ammunition in his waistband.

The gel caps recovered totaled 72, indicative of possession with intent to distribute, not personal use.    Officers recovered keys from the Defendant and identified his vehicle.    A K9 responded to the scene and alerted to the vehicle.    Officers recovered an additional 97 gel caps. These gelcaps were submitted to BPD lab for testing and were positive for heroin and fentanyl.

The Government expects to introduce at trial evidence of the events through the testimony of various officers, through the physical evidence recovered, and through body worn camera footage taken during the incidents; additionally, the Government anticipates calling several expert witnesses to opine on the firearms and narcotics recovered from the Defendant.

## II.      SUMMARY OF ARGUMENT

The Government seeks to introduce evidence of the Defendant's prior felon in possession of a firearm conviction from 2015, and his state convictions for handgun possession in 2014 and 2013, pursuant to Federal Rules of Evidence 404(b) to prove the Defendant's knowledge and intent with regard to the firearms possessed in this case.    The Defendant's sate of mind regarding knowledge that he was in possession of the firearms (and ammunition) are an element the Government must prove in this case.    His possession of firearms on prior occasions goes to prove that his possession in this case was done knowingly and not by accident or mistake.

The Government also seeks to introduce all documents related to his prior criminal convictions for crimes that were punishable by more than one year under Federal Rules of

Evidence 401 to prove the Defendant's status of knowing that he had such a prior conviction. This would include certified convictions and statement of facts from his 2015 federal case, and his plea/sentencings from his 2014 and 2013 state handgun convictions, and his plea/sentencing from his 2017 state felony drug conviction (during which he was told of the maximum penalties for and that the drug trafficking crime of which he was convicted was a felony).

In his defense, the Government expects that the Defendant may seek to disclaim knowledge of the drugs or any intent to engage in distribution, thereby making his knowledge and intent regarding the drugs a critical issue in this case. Specifically, the Defendant may attempt to claim that the controlled substances he had in his possession were merely for personal use.

To meet its burden of proof in this case, particularly on the element of intent, the Government moves under Fed. R. Evid. 404(b) and 609 to admit relevant and highly probative evidence of the Defendant's previous convictions for possession with intent to distribute narcotics and his convictions for handgun possession.

Finally, the Government seeks to introduce the Defendant's prior criminal convictions under Federal Rule 609 for impeachment purposes if the Defendant chooses to testify.

## III.    ARGUMENT

### A.    Defendant's Prior Firearm Possessions Should be Admitted under Federal Rule of Evidence 404(b) to prove Knowledge of Possession.

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is admissible for any valid purpose, including to prove motive, intent, plan, knowledge, *modus operandi*, and lack of mistake.   *See United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting Fed. R. Evid. 404(b)).   This type of evidence is not admissible to prove a defendant's character or propensity to commit a crime.   *Id.*   But Rule 404(b) is a rule of inclusion, "admitting

all evidence of other crimes or acts except that which tends to prove only criminal disposition."
*United States v. Young*, 248 F.3d 260, 271-72 (4th Cr. 2001) (internal quotation marks and citations omitted).

For extrinsic evidence to be admissible under Rule 404(b), the proffered evidence must be (i) relevant to an issue other than character (*e.g.* knowledge, intent, motive, opportunity, modus operandi, or absence of mistake); (ii) necessary to prove an element of the crime charged; and (iii) reliable. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997); *see also United States v. Siegel*, 536 F.3d 306, 317-18 (4th Cir. 2008). In addition, "the probative value of the evidence must not be substantially outweighed by its prejudicial effect," which "involves a Rule 403 determination." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010); *Queen*, 132 F.3d at 995.

The Government seeks to introduce evidence of the Defendant's prior felon in possession of a firearm conviction from 2015, and two prior illegal possession convictions from 2014 and 2013, pursuant to Federal Rules of Evidence 404(b) to prove the Defendant's knowledge and intent with regard to the firearms possessed in this case.[3]

> 1. *The Defendant's prior felon in possession from 2015 and prior illegal possession in 2014 and 2013 are relevant to prove knowledge.*

Other acts evidence can be admitted to prove evidence of knowledge and intent. Fed. R. Evidence 404(b); *Queen*, 132 F.3d at 994-95. "[T]he more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." *Id.* at 998; *see also United States v. Rawle*, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988) (evidence is relevant

---

[3] The Government will address the admission of the 2017 felony drug conviction in another section.

if I is "sufficiently related to the charged offense").

"[I]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *United States v. Brown*, 398 F.App'x 915, 917 (4th Cir. 2010) (quoting *United States v. Cassell,* 292 F.3d 788, 793 (D.C. Cir. 2002)). Specific to intent to possess a firearm, the Fourth Circuit and numerous other circuit courts have held that "past possession of a firearm is relevant to proving intent." *United States v. Comstock*, 412 F.App'x 619, 624 (4th Cir. 2011) (citing *United States v. Moran,* 503 F.3d 1135, 1144 (10th Cir. 2007) ("[T]he fact that [defendant] *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."); *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006) ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent…"); *United States v. Jernigan,* 341 F.3d 1273, 1281 (11th Cir. 2003) ("[T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, pt differently, that his possession at the subsequent time is not mistaken or accidental),"); *Cassell,* 292 F.3d at 794-95 ("A prior history of intentionally possessing guns … is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so.")).

Here, the Defendant is charged with being a felon in possession of two different firearms, in violation of 18 U.S.C. § 922(g)(1), on two separate occasions in September 2022. His prior conviction for the same exact crime (felon in possession) in 2015 and his two prior state

convictions in 2014 and 2013 for illegal firearm possession involve the same act that is at issue in this case – namely, possession of a firearm.    If the Defendant suggests that he did not understand that he could not possess a firearm, the Government should be able to rebut this argument that the Defendant knows what possession of a firearm means given that he possessed firearms on previous occasions.    *Cf. United States v. Trent,* 443 Fed. Appx. 860, 863 (4th Cir. 2011) (affirming district court's admission of evidence that the defendant possessed uncharged firearms three and four years prior, where like the case before it, the defendant fled from the police in his vehicle and tried to dispose of those handguns); *Comstock*, 412 Fed. App'x at 624 (affirming Rule 404(b) admission of video of defendant walking around with at least one hunting rifle in felon-in-possession case, where he argued that he did not have knowledge of pistols in the trunk of his car); *Brown*, 398 Fed. App'x at 917 (concluding that evidence of the defendant's prior possession of firearms was admissible and probative as to his intent to exercise dominion and control over firearm in case where government sought to prove constructive possession under § 922(g)); *United States v. McDonald,* 211 Fed. App'x 222, 225 (4th Cir. 2007) (per curiam) (holding that evidence that defendant "had previously been arrested for the possession of a firearm was relevant to his knowledge ad intent to possess the handgun recovered here").

> 2. *The evidence of prior firearm possession is probative of an essential element of the crime.*

Evidence is necessary "where it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime."    *See, e.g., United States v. Byers,* 649 F.3d 197, 209 (4th Cir. 2011); *see also United States v. Mark,* 943 F.2d 444, 448 (4th Cir. 1991).    In the case of prior possession, the evidence is "necessary in the sense that it is probative of an essential claim or an element of an offense" because it speaks to [the defendant's] state of mind. *Trent*, 443 Fed.

Appx. at 863.    "[A] logical connection exists between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." *United States v. Jernigan,* 341 F.3d 1273, 1281 (11th Cir. 2003).

Here, to prove the Defendant's guilt under 18 U.S.C. § 922(g), the Government is required to establish his knowing possession of the firearm beyond a reasonable doubt.    *See, e.g., United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005) ("[A] felon's possession of a firearm must be both voluntary and intentional to be punishable under § 922(g)(1)[.]"); *United States v. Adams,* 814 F.3d 178, 183 (4th Cir. 2016).    By pleading not guilty in this case, the Defendant has placed his knowledge and intent in dispute.    *See, e.g., United States v. Sanchez,* 118 F.3d 192, 196 (4th Cir. 1997) ("A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent."); *United States v. Robinson,* 2001 WL 789083 at *1 (4th Cir. Jul. 12, 2001) ("Robinson's not guilty plea placed his intent to conspire to steal and possess firearms and ammunition at issue …").    This makes the proffered 404(b) evidence that the Defendant possessed firearms on other occasions (2015, 2014 and 2013) probative of an essential element of the charged crime.    *See, e.g., Trent,* 443 Fed. Appx. at 863 (evidence of prior firearm possession necessary to show defendant's state of mind with regard to handgun discovery in his vehicle); *see also Huddleston v. United States*, 485 U.S. 681, 685 (1988) ("Extrinsic acts evidence may be critical … especially when the[e] issue involved the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.").

### 3.  *The evidence of prior firearm possession is reliable*

Evidence is reliable if it has a sufficient factual basis that it could conceivably be credited by "a rational and properly instructed juror."   *United States v. Bailey,* 990 F.2d 119, 123 (4th Cir. 1993).   Here, evidence of the Defendant's prior firearm conviction from 2015, 2014, and 2013 would come in the form of the court records of the conviction.   These pieces of evidence reliably show that the Defendant possessed firearms in the past.

### 4.  *The evidence is not unfairly prejudicial*

The fact that evidence is prejudicial or harmful to a defendant's case is not a basis for exclusion.  *See e.g., United States v. Grimmond,* 137 F.3d 823, 833 (4th Cir. 1998); *cf. United States v. Bradley,* 145 F.3d 889, 893 (7th Cir. 1998) ("To the extent that the defendant perceives Rule 403 as a tool designed 'to permit the Court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none,' he is mistaken.").   Evidence is subject to exclusion under Rule 403 only where it is *unfairly* prejudicial – that is, only where the evidence is of such a character that it results in an undue tendency to suggest decision on an improper basis.   Fed. R. Evid. 403, Advisory Committee Notes to 1972 Amendments; *see also Queen,* 132 F.3d at 997 ("[T]he evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.").

The Fourt Circuit has suggested that "[g]enerally speaking, 'bad acts' evidence, admissible under Rule 404, is not barred by Rule 403 where such evidence 'did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged."  *Byers,* 649 F.3d at 210 (quoting *United States v. Boyd,* 53 F.3d 631, 637 (4th Cir. 1995)).   Conduct that is

substantially similar to the charged offense lessens the danger that the jury will be provide to behave irrationally.    *Comstock,* 412 F. App'x at 625 (4th Cir. 2011).

Here, prior firearm possession fits squarely within relevant and admissible "other crimes evidence to prove that the possession at issue was with knowledge and intentional.    This is precisely the kind of "other acts" evidence commonly admitted in this Circuit.    *See, e.g., United States v. Melvin*, 2007 WL 2046735 at *13–14 (4th Cir. Jul. 13, 2007) (affirming district court's admission of evidence of the circumstances of a prior felony conviction for transportation of a firearm as evidence of knowledge and intent in a subsequent felon-in-possession case); *United States v. Allen*, 2007 WL 840482 at *1 (4th Cir. Mar. 20, 2007) (affirming district court's finding that evidence of the defendant's prior assaults and prior gun possession was admissible at a subsequent trial on felon-in-possession charges); *United States v. Burton*, 2005 WL 3105681 at *1–2 (4th Cir. Nov. 21, 2005) (affirming district court's admission of a stipulation describing the defendant's three prior convictions for illegal possession of a firearm, where such prior convictions were admitted as proof of the knowledge and intent elements of a felon-in-possession charge).    The prior conduct is the same as the conduct charged, simply possessing a firearm, meaning it is no more sensational than the charged crime.    The Court should permit the Government to introduce the Defendant's prior convictions from 2015, 2014 and 2013.

Further, to address any danger of unfair prejudice, the Court could provide a limiting instruction informing the jury that it could only consider the evidence for the purposes of determining whether the defendant acted knowingly and intentionally and not because of some mistake or accident. *See, e.g., United States v. Mohr*, 318 F.3d 613, 620 (4th Cir. 2003) ("[A] careful limiting instruction significantly ameliorated any possible unfair prejudice."); *United States v. Powers*, 59 F.3d 1460, 1468–69 (4th Cir. 1995) (noting that cautionary or limiting instructions generally obviate prejudice).

10

**B.**    **The Defendant's Prior Felony Drug Conviction Should be Admitted under Federal Rule of Evidence 404(b) to prove Knowledge of Possession**

Pursuant to the standards outlined *supra*, the Fourth Circuit has approved the introduction of prior drug offenses in numerous drug prosecutions. *United States v. Cabrera-Beltran*, 660 F.3d 742, 755 (4th Cir. 2011) ("In drug cases, evidence of a defendant's prior, similar drug transactions is generally admissible under Rule 404(b) as evidence of the defendant's knowledge and intent.") (affirming admission of testimony of prior heroin purchases in prosecution for conspiracy to distribute cocaine and heroin); *see also Bell*, 910 F.3d at 465 (video showing defendant say he was expecting to buy "some coke" and "two Rugers" was admissible in subsequent trial that defendant possessed a firearm in furtherance of drug trafficking on a different occasion); *United States v. McIntosh*, 660 Fed. Appx. 199, 204-05 (4th Cir. 2016) (affirming admission of prior marijuana convictions where the "prior convictions were strikingly similar to the charged conduct"); *United States v. Trice*, 621 Fed. Appx. 151, 153 (4th Cir. 2015) (admitting prior heroin distribution conviction at trial because "it tended to show that Trice, as a convicted drug dealer, had knowledge of the drug trade"); *United States v. Branch*, 537 F.3d 328, 341-42 (4th Cir. 2008) (admitting evidence of prior arrest and conviction for possession with intent to distribute cocaine in subsequent prosecution for the same offense); *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004) (admitting evidence of prior possession and sale of cocaine in subsequent prosecution for, *inter alia*, possession of cocaine with intent to distribute); *United States v. Sanchez*, 118 F.3d 192, 195-96 (4th Cir. 1997) (affirming the trial court's admission of prior drug transactions of defendant outside the charged conspiracy timeframe, and evidence that defendant was previously arrested near a stash of cocaine because it was "relevant to his knowledge of the drug trade and the mechanics of his distribution scheme"); *United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991)

11

(affirming testimony by witness that he had previously sold large supplies of cocaine to defendant who was on trial for cocaine distribution); *United States v. Rawle*, 845 F.2d 1244, 1246-48 (4th Cir. 1988) (evidence of defendant's involvement in interstate transportation of marijuana eight years prior to date at issue was admissible as evidence of knowledge and participation in common scheme for which he was charged).

Based on the foregoing, the evidence of the Defendant's prior conviction for drug trafficking should be admissible under Fed. R. Evid. 404(b) in this prosecution charging him with a drug distribution because the evidence meets all four prongs of the 404(b) test.

> *1.   The Evidence is Relevant.*

Here, the proffered evidence of the Defendant's prior drug trafficking is relevant because it is probative with regard to the Defendant's knowledge and intent. A defendant's knowledge and intent are elements which the prosecution must prove to establish possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1). *Mark*, 943 F.2d at 448. These elements are placed in issue in a narcotics case simply by a plea of not guilty. *Sanchez*, 118 F.3d at 196 ("A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent."); *United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir. 1993); *see also United States v. McLamb*, 985 F.2d 1284, 1289 (4th Cir. 1983) (plea of not guilty places defendant's state of mind in issue). And as detailed above, 404(b) evidence is relevant to a jury that must determine issues of knowledge and intent. *Huddleston*, 485 U.S. at 685; *Queen*, 132 F.3d at 996.

Furthermore, the Defendant's prior conviction bear many of the same hallmarks as the facts as issue here. For example, in the 2017 case, the Defendant secreted contraband on his person, and

had it in such a quantity to indicate distribution.    In fact, the Defendant attempted to distribute the contraband to another before police officers interrupted the transaction.    In the instant case, the Defendant hid the contraband in his pocket and had such a quantity as to indicate distribution. The Defendant may claim the pills on his person were for personal use. The Government must be able to rebut these assertions by showing that the Defendant possessed the drugs to distribute to others, like he trafficked them in the past.    In short, the Defendant clearly had the requisite knowledge and intent; and his prior crime show he knew the drug trade and it was not mistake or accident that he was actively engaged in the drug trade when he was arrested this time. Given that the prior convictions involve controlled substances and quantities as involved here, this further confirms that the relevance prong for the 404(b) test is met here. *Cabrera-Beltran*, 660 F.3d at 755 ("In drug cases, evidence of a defendant's prior, similar drug transactions is generally admissible under Rule 404(b) as evidence of the defendant's knowledge and intent."); *Queen*, 132 F.3d at 997 (noting that "the high degree of similarity between the prior acts and the act with which Queen was charged supports the finding that the acts were relevant to intent").

### 2. The Evidence is Necessary.

The element of necessity is likewise met here. Evidence is necessary and admissible where it supplies useful proof of the elements of knowledge and intent. *Mark*, 943 F.2d at 448; *see also United States v. Hadaway*, 681 F.2d 214, 218 (4th Cir. 1982). Here, the 404(b) evidence is necessary to show knowledge and intent and to show a lack of accident or mistake. As noted above, Defendant may attempt to disavow any knowledge of the drug trade; he may also claim that he had a legitimate reason for his possession of so many pills. Defendant may attempt to claim he only possessed the pills for personal use. The Government accordingly should be permitted to

adduce all relevant evidence on the issue of the Defendant's knowledge and intent. Indeed, the Fourth Circuit has routinely held that where knowledge and intent are an issue, evidence of prior drug crimes is necessary to the Government's proof. *See Cabrera-Beltran*, 660 F.3d at 755; *Hodge*, 354 F.3d at 312.

### 3.  The Evidence is Reliable.

Third, the proffered evidence here satisfies the element of reliability. The evidence that would be introduced by the Government is the Defendant's prior convictions through the introduction of the statement of charges for the crime of which the Defendant was convicted. Moreover, this case was a guilty plea, meaning the Defendant agreed to the facts of his offense. The Government would also offer either a video or a transcript of the guilty plea with the facts agreed to by the Defendant.   Hence, there can be no dispute that the Defendant was convicted of this prior offense and that they in fact took place. Rule 404(b) merely requires proof of the occurrences of the underlying acts by a preponderance of the evidence. *See Huddleston*, 485 U.S. at 682 (standard of proof for prior acts under Rule 404(b) is preponderance of the evidence). Because this standard would be more than satisfied here either by testimony about this conviction or by a certified copy of the records, this prong of the 404(b) test is met.

Furthermore, the Defendant may not attempt to attack the reliability of this evidence by virtue of the fact that he was sentenced in 2017. There is no rule that states how many years will render a prior conviction stale for purposes of Rule 404(b) admissibility. *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir. 1981). However, the Fourth Circuit has affirmed district courts' decisions to admit 404(b) evidence of significantly older convictions than the ones at issue here, particularly where the Defendant has served a significant sentence that elongated the

timeframe between one conviction and the subsequent trial at which the 404(b) evidence will be offered. *See United States v. Morton*, 461 Fed. Appx. 252, 254 (4th Cir. 2012) (unpublished) (30-year-old prior conviction admissible under 404(b)), cert. denied, 132 S. Ct. 2416 (2012); *Queen*, 132 F.3d at 998 (finding nine-year-old evidence of intent probative despite lapse of time "particularly when the defendant has spent many of those intervening nine years in prison"). Here, however, the prior drug conviction is highly relevant because these convictions were just a few years prior to the instant offense. Accordingly, it is of no moment when the Defendant's prior convictions took place; they are well within the timeframes deemed sufficiently reliable and probative of intent by the Fourth Circuit.

For all these reasons, the Government's proffered extrinsic act evidence meets the requirements for admissibility under Rule 404(b).

### 4. The Evidence is Not Unduly Prejudicial.

Once evidence of extrinsic acts is found to be admissible under Rule 404(b), the evidence should only be excluded if its probative value is "substantially" outweighed by its prejudicial effect. *Sanchez*, 118 F.3d at 195-96. Evidence found to be relevant and probative under Rule 404(b) should be excluded under Rule 403 only in those instances where the trial judge believes there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the proffered evidence. *See Powers*, 59 F.3d at 1467-68 (evidence that defendant repeatedly raped his daughter was not unduly prejudicial and hence was admissible under Rule 404(b) in prosecution for aggravated sexual abuse of a minor because the evidence was highly probative, and judge gave limiting instruction thereby obviating potential for prejudice). Like Rule 404, "Rule 403 is a rule of inclusion, generally favoring

admissibility." *United States v. Udeozor*, 515 F.3d 260, 264-65 (4th Cir. 2008) (internal quotation marks and alteration omitted).

It is also clear under Fourth Circuit case law that the admission of extrinsic act evidence does not result in unfair prejudice under Rule 403 where it does not involve conduct any more sensational or disturbing than the crimes with which the Defendant was charged. *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995); *see also United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (approving introduction of prior narcotics transactions where defendant was charged with conspiracy to distribute and possess with intent to distribute heroin).

Pursuant to these standards, the Fourth Circuit has routinely held that the probative value of prior drug activity is not substantially outweighed by any prejudice. For example, in *Sanchez*, the Fourth Circuit recognized that the defendant's:

> prior cocaine deals and the cocaine seized at the time of arrest are both clearly probative. While the evidence is undeniably 'prejudicial' in the way that all inculpatory evidence is, it is no more so than the tape recordings of drug deals and other strong evidence introduced against Sanchez at trial. The strong probative value of the contested evidence is simply not 'substantially outweighed.'

*Sanchez*, 118 F.3d at 196; *accord Cabrera-Beltran*, 660 F.3d at 756; *Mark*, 943 F.2d at 449.

Here, the extrinsic act evidence merely involves additional acts of possession and distribution of pills – the same type of allegations that are the subject of the Indictment itself. It is inconceivable that this additional evidence would evoke such an emotional reaction against the Defendant that the jury would be excited to irrational behavior. *Mark*, 943 F.2d at 449 & n.1. The extrinsic act evidence relating to other narcotics violations by Defendant is therefore admissible under both Rule 404(b) and Rule 403. The Government would request that the Court give the jury a cautionary instruction concerning the permissible uses of extrinsic act evidence, both when the

evidence is admitted and then again at the close of the case. *See Queen*, 132 F.3d at 997 ("In cases where the trial judge has given a limiting instruction on the use of Rule 404(b), the fear that the jury may improperly use the evidence subsides."). The Government will include a proposed instruction with its jury instructions.

C.      **The Defendant's Prior Felony Convictions Should be Admitted Under Federal Rule of Evidence to Prove Knowledge of His Status of Being a Convicted Felon**

All relevant evidence is admissible, except as provided by the Constitution, by act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court pursuant to statutory authority.   Fed. R. Evid. 402.   Evidence is relevant if it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."   Fed. R. Evid. 401.

In 2019, the Supreme Court held in *Rehaif v. United States,* 588 U.S. 225 (2019) that "[t]he government must prove beyond a reasonable doubt that a defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm.'"   *United States v. Moody,* 2 F.4th 180, 197 (4th Cir. 2021) (citing *Rehaif* 193 S. Ct. 2191).   One of those categories – the one that the Defendant is a member of – is being convicted of a crime that is punishable by more than one year. *See* 18 U.S.C. § 922(g)(1).

Evidence of knowledge of a prior conviction will typically come in the form of the conviction itself given the inference that a defendant would know his own criminal history, especially if he was sentenced to more than a year or served more than a year in prison. "Convicted felons typically know they're convicted felons."   *United States v. Lavalais,* 960 F.3d 180 (5th Cir. 20202).   For example, in *United States v. Allen,* the government sought to introduce evidence of defendant's prior felony convictions to prove that the defendant knew he was barred

from possession of a firearm.   2020 WL 6462392, at *1 (N.D. Cal. 2020).   The court granted the "government's motion to admit certified, redated copies of the judgment copies (including the sentence actually imposed in each case) and a redacted copy of the change of plea transcript."   *Id.* at *3.   The district court determined that evidence of the defendant's prior convictions and sentences are not "Ruled 404(b) 'other acts' evidence," but rather "directly and highly probative evidence of an element of the charged offense," knowledge that he had been convicted of a felony at the time he possessed the firearm.   *Id.*   The court also noted that "Rule 403 does not require exclusion of this evidence either" because "such evidence has exceptionally high, even determinative, probative value on the relevant question, and that value clearly is not substantially outweighed by any of the concerns identified in Rule 403."   *Id.*

The Defendant's prior conviction for possession of a firearm with a felony conviction is also direct evidence of his knowledge that he has a felony conviction.   The title of the charge alone would have made the Defendant aware that he had at least one prior felony conviction.   In addition to the 2015 firearm convictions, the Government seeks to introduce the two other firearm convictions, and a 2017 conviction for possession with intent to distribute controlled substances. The Government intends to offer certified records of all four convictions in addition to the plea/sentencing hearing transcripts and/or video where he was told the maximum penalties for the convictions.   The Government shall provide these documents to counsel and Court in advance of the trial and will redact upon request.

Other courts that have considered this issue have agreed: a prior conviction for being a felon in possession of a firearm proves the status-knowledge element.   *United States v. Benamor,* 937 F.3d 1182, 1189 (9th Cir. 2019) ("[T]he prior conviction for being a felon in possession of a

firearm and being a felon in possession of ammunition proved beyond a reasonable doubt that Defendant had the knowledge required by *Rehaif* …"); *United States v. Phillips,* 475 F. Supp. 3d 1271, 1277 (D.N.M. 2020) ("To the extent that Mr. Phillips' prior Felon in Possession convictions show his knowledge on that issue, they will likely be relevant at trial."); *United States v. Gilcrest,* 792 F. App'x. 734, 739 (11th Cir. 2019) (per curiam) (holding, on plain error review of a felon-in-possession conviction after *Rehaif*, that the defendant did not establish that the asserted error was prejudicial in light of his prior convictions, including one "for possessing a firearm as a felon, which was enough on its own to inform him of his status.")

In addition to the felon in possession conviction, each of Brown's other qualifying convictions are relevant because the existence of prior convictions where the sentence was punishable by more than one year provide evidence of § 922(g)(1)'s status-knowledge element. This was especially true when the sentence was for longer than a year.    Setting aside suspended sentences, a Court sentenced the Defendant to more than a year on two prior occasions.[4]    *See Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting) (noting that "[j]uries will rarely doubt that a defendant convicted of a felony has forgotten th[e] experience" of imprisonment and other sentencing consequences); *United States v. Williams*, 776 F. App'x 387, 388 (8th Cir. 2019) (per curium) (unpublished) (holding that defendant's prior guilty plea and imprisonment for murder were evidence that defendant had knowledge of his felon status under § 922(g)(1) for purposes of satisfying *Rehaif*); *United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (citing the presentence investigative report where defendant admitted that he had "previously been convicted of

---

[4] Three if the Court includes the three-year sentence the Defendant served after violating his probation in the 2014 conviction.

felony offenses" to hold that defendant had knowledge of his felon status under *Rehaif*); *United States v. Hollingshed*, No. 17-2951, 2019 WL 4864969, at *3 (8th Cir. Oct. 3, 2019) (holding that defendant's prior conviction and imprisonment "indicate[d] that [the defendant] knew he had been convicted" of a felony); *Shrader v. United States*, No. 1:09-cr-00270, 2019 WL 4040573, at *4 n.2 (S.D.W. Va. Aug. 27, 2019) (finding that defendant's prior convictions and substantial prison sentence would bar him from relief even if *Rehaif* were made retroactive on collateral review).

Further, introduction of all four of the above convictions and the sentences the Defendant received, not just some, is probative of the Defendant's status-knowledge.  If the Defendant' didn't know the first time that he had been convicted of a crime punishable by more than one year, he knew the fourth time.  *See, e.g. U.S. v. Reynolds*, 2020 WL 5235316, at *4 (D. Nev., Sept. 2, 2020) (finding that 13 total years in prison on five felony convictions "renders it implausible that Reynolds did not know at the time of this offense that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and forecloses his actual-prejudice arguments."); *U.S. v. Lowe*, 2020 WL 2200852, at *2 (D. Nev. May 6, 2020) (finding that evidence of serving five years in prison "proves beyond a reasonable doubt that Lowe well knew at the time of the offense that he had been convicted of 'a crime punishable by imprisonment for a term exceeding one year.' "); *Whitley v. U.S.*, Case No. 04 Cr. 1381 (NRB), 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) (finding that "any argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding a year had been imposed, and having in fact served more than a year in prison in connection therewith, Whitley nevertheless lacked the requisite awareness of his restricted status."); *MacArthur v. U.S.*, 2020 WL 1670369, at *10 (D. Me. Apr. 3, 2020) ("The record, including the presentence investigation report, shows that Petitioner had numerous prior felony convictions over many years before the § 922(g) conviction at

issue . . . [thus] the Government would have been able to prove beyond a reasonable doubt that Petitioner knew of his prohibited status at the time he possessed the firearm."); *United States v. Reed*, No. 17-12699, 2019 WL 5538742, at *3 (11th Cir. Oct. 28, 2019) ("When [the defendant] possessed the firearm, he had been convicted of eight felony convictions .... [T]he jury could have inferred ... that [the defendant] knew he was not supposed to have a gun.") (emphasis in original); *United States v. Spurlin*, No. 5:15-cr-1/MW/MJF, 2019 WL 4722467, at *6 n.5 (N.D. Fla. Aug. 16, 2019) ("[E]ven if [defendant] had claimed ignorance of his status as a convicted felon, his lengthy criminal history and extensive experience with the criminal justice system, the fact that [defendant] was an experienced drug dealer, and the fact the he was on federal supervised release at the time he committed the offenses at issue, would make any claim that [defendant] did not know he was a convicted felon incredible.").

For all of these reasons, the Government seeks to introduce evidence related to the Defendant's prior convictions and the video portions described above from his prior court proceedings under Federal Rules of Evidence 401 because they tend to make it more probable that the Defendant knew he had been convicted of a crime punishable by more than one year on September 4 and September 28, 2022 when he was in possession of a firearm, an element that the Government must prove at trial.

### D. Additionally, Defendant's Prior Convictions Should Be Admitted Under Fed. R. Evid. 609 Should He Choose To Testify.

Under Federal Rule of Evidence 609, if the defendant in a criminal case testifies, then prior felony convictions "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). The court must conduct a balancing test in which it considers several factors.

First, the court must determine whether the prior conviction is probative. The Fourth Circuit has held that "as a general rule, convictions of felony are admissible as going to the credibility of a witness." *United States v. Truslow*, 530 F.2d 257, 265 (4th Cir. 1975); *United States*

*v. Miller*, 478 F.2d 768, 769 (4th Cir. 1973) (stating that "'[p]rior criminal convictions for felonies or misdemeanors involving moral turpitude ordinarily constitute material impeaching evidence.'") (citation omitted). Furthermore, several courts have held that "[p]rior drug-trafficking crimes are generally viewed as having some bearing on veracity." *United States v. Brito*, 427 F.3d 53, 64 (1st Cir. 2005) (citing *United States v. Gant*, 396 F.3d 906, 909-10 (7th Cir. 2005) and *United States v. Lattner*, 385 F.3d 947, 961 (6th Cir. 2004)).

Second, the court must determine whether admission of the prior conviction for impeachment would be unduly prejudicial to the Defendant. *Miller*, 478 F.2d at 768. A trial court may use its discretion to limit impeachment by a prior conviction, but a limitation should occur only if there is reason to believe that "the prejudicial effect of the earlier convictions . . . will outweigh their possible probative force in impeaching credibility." *Id.* at 769 (citing *United States v. Hildreth*, 387 F.2d 328, 329 (4th Cir. 1967)).

Third, and "[p]erhaps most important[ly]," the court must determine whether the outcome will "hinge[] on a credibility choice" in which the jury must "decide whether to believe [the defendant] or the police officers." *Brito*, 427 F.3d at 64. "The salience of the credibility issue weighs in favor of admitting the prior convictions." *Id.* (citing *United States v. Pritchard*, 973 F.2d 905, 909 (11th Cir. 1992); *United States v. Oakes*, 565 F.2d 170, 173 (1st Cir. 1977); *accord Truslow*, 530 F.2d at 265 (noting how prior felony convictions are usually admissible as they go to credibility). In admitting this evidence, courts have recognized that "'[i]t would be patently unfair and misleading to the jury'" to allow the defendant, if he chose to testify, to appear "pristine" on the witness stand when in fact he had several prior convictions which could have been used to impeach his credibility and provide the jury with a more accurate picture on the issue of credibility.

*United States v. Brown*, 2009 WL 728448 at *10-11 (E.D.N.Y. Mar. 10, 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 785 (2d Cir. 1977)).

When these factors favor the Government, then the Government should be permitted to elicit "the name of the crime, the time and place of conviction, and the punishment." *Miller*, 478 F.2d at 770 n.4 (citing McCormick on Evidence (1972 Ed.) § 43, p. 88).

Pursuant to these general principles, the Fourth Circuit has permitted the introduction of the prior drug felony convictions under Rule 609 against a defendant charged with violations of 21 U.S.C. §§ 841, 846. *See United States v. Carmichael*, 1998 WL 390973 at *1 (4th Cir. July 14, 1998); *United States v. Leavis*, 853 F.2d 215, 220 (4th Cir.1988); *cf. United States v. Johnson*, 587 F.3d 625, 638 (4th Cir. 2009) (noting with approval how the "the government impeached [defendant on trial for drug charges] with drug possession convictions from 1996 and 2002").

Based on the foregoing, and pursuant to Fed. R. Evid. 609(a)(1)(B), if Defendant chooses to testify, the Government should be entitled to ask the Defendant whether he has been convicted; the time and place of the conviction; and the punishment he received for his convictions.

First, the Defendant's prior drug convictions are felony convictions, and hence under *Truslow* and *Miller* they are probative of the Defendant's credibility. *Truslow*, 530 F.2d at 265; *Miller*, 478 F.2d at 769; *see also Brito*, 427 F.3d at 64 (noting that "[p]rior drug-trafficking crimes are generally viewed as having some bearing on veracity").

Second, the probative value of this evidence, which is established by *Truslow* and *Miller*, outweighs any prejudice. While these drug convictions are similar to the crime for which the Defendant is charged, and this in turn does open the door for some level of prejudice, *see Carmichael*, 1998 WL 390973 *1-2 (discussing when the impeaching conviction is for a similar

offense to the one being tried), any such prejudice can be cured by an appropriate limiting instruction and is not unfairly prejudicial. *See Queen*, 132 F.3d at 997. Third, the Defendant may attempt to raise an issue about his knowledge, and hence fundamental fairness dictates that the jury be allowed to hear impeachment evidence against the Defendant lest they are misled into believing he is a "pristine" witness who has never before committed a felony. *Brown*, 2009 WL 728448 at \*10-11 (citing *Ortiz*, 553 F.2d at 785). Indeed, as one court has stated, "'it is not surprising that the [district] court was unwilling to let a man with a substantial criminal history misrepresent himself to the jury, with the government forced to sit silently by, looking at a criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness.'" *United States v. Alexander*, 48 F.3d 1477, 1489 (9th Cir. 1995) (citation omitted).

Based on the foregoing, the Government respectfully submits that, in addition to being admissible under Rule 404(b), the Defendant's prior convictions should be admissible under Rule 609 as well if he chooses to testify.

## IV.   CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court grant this motion and hold that the Defendant's prior convictions are admissible under Rule 404(b) and/or Rule 609.

Respectfully submitted,

Erek L. Barron
United States Attorney


By:_____/S/_____
Patricia McLane
Sarah Simpkins
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800